```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 00-6046-CIV-ZLOCH
                              MAGISTRATE JUDGE SORRENTINO

WILLIE PERRY,                 :

        Plaintiff,            :

v.                            :      REPORT RE DISMISSAL
                                     OF SUCCESSIVE COMPLAINT
DEPUTY N. HERNANDEZ,          :      28 U.S.C. §1915(g)

        Defendant.            :
_____
```

FILED by ___ D.C.
MAG. SEC.
JAN 31 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

The incarcerated *pro se* plaintiff in this case is a multiple filer, having filed the following known cases:

1. <u>Perry v. Frasher and Wagner</u>
   92-6156-Civ-King
   §1983; Conviction unlawful; police planted drugs.
   Dismissed <u>Heck v. Humphrey</u>, 8/15/94.

2. <u>Perry v. Navarro, et al.</u> (pl now has counsel)
   92-6626-Civ-Ryskamp
   §1983; Brutality.
   Settled 2/13/95.

3. <u>Perry v. Rimel, et al.</u>
   93-6938-Civ-Ryskamp
   §1983; Brutality.
   Dismissed as moot 5/13/94.

4. <u>Perry v. Singletary</u>
   94-6142-Civ-Hurley
   §2254; Attack on conviction.
   Denied 9/28/94.
   Affirmed, No. 94-5080; 2/12/96.

5. <u>Perry v. Frasher</u>
   94-6937-Civ-Hurley
   §1983; Conviction unlawful; police planted drugs.
   Dismissed §1915(d) 10/28/94.
   Appeal dismissed, lack of prosecution, No. 94-5236; 11/27/95.

6. <u>Perry v. Jackson, et al.</u>
   94-1004-Civ-J-10 (Middle District)
   §1983; Disciplinary loss of gain time.
   Dismissed <u>Heck v. Humphrey</u>, 2/1/95.

7. <u>Perry v. Murray, et al.</u>
   95-669-Civ-Ungaro-Benages
   §1983; Malpractice Jackson 1975.
   Dismissed as duplicative of 95-668; 4/20/95.
   Affirmed; No. 95-4638; 5/1/96.

8. <u>Perry v. Dean, et al.</u>
   96-37-Civ-J-99(S) (Middle District)
   §1983; Close management.
   Dismissed; Inadequate IFP motion; 5/2/96.

9. <u>Perry v. Singletary, et al.</u>
   96-815-Civ-J-10 (Middle District)
   §1983; Conditions of confinement.
   Dismissed; Sanctions for false statement re: prior cases, 8/20/96.

10. <u>Perry v. Singletary, et al.</u>
    96-1305-Civ-J-10C (Middle District)
    §1983; Brutality.
    Dismissed, without prejudice, 1/25/98.

11. <u>Perry v. Law</u>
    98-6405-Civ-Zloch
    §1983; Brutality.
    Dismissed; lack of prosecution; 6/5/98.

12. <u>Hernandez and Perry v. Shook, et al.</u>
    98-7151-Civ-Ferguson
    §1983; harassment at Broward County Jail.
    Pending.

13. <u>Perry v. Deputy Enrique, et al.</u>
    99-6237-Civ-Ferguson
    §1983; Physical abuse.
    Pending.

14. <u>Perry v. Hernandez</u>
    00-6046-Civ-Zloch
    §1983; Physical abuse.
    Pending.

Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, no prisoner may bring a civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, <u>Rivera v. Allin</u>, 144 F.3d 719 (11 Cir. 1998). There the Court held that the new "three strikes" IFP provision does not violate the

First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. Moreover, the Court held that courts in this circuit may properly count as strikes cases dismissed on the statutory grounds prior to April 26, 1996.

The dismissal of a civil rights claim for damages under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) qualifies as a "strike" for purposes of the three strikes provision of the PLRA, 28 U.S.C. §1915(g).

A civil rights complaint for damages filed pursuant to 42 U.S.C. §1983, or <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) which constitutes an attack on a plaintiff's confinement, and is dismissed under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B), will count as one of the three strikes allotted to a litigant under section 1915(g).[1]

---

[1]The Courts have held that under appropriate circumstances both the dismissal of a civil rights complaint for damages by a

As demonstrated in the list of cases above, this plaintiff has filed three or more cases which fit the criteria of this statute. It does not appear that the plaintiff is under imminent danger of serious physical injury and it is therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(g).

---

District Court pursuant to Heck, and a frivolous appeal from a District Court's dismissal under Heck, may count as strikes under 28 U.S.C. §1915(g). Adepegba v. Hammons, 103 F.2d 383, 387-388 (5 Cir. 1996) (holding: that a District Court's dismissal under the PLRA of a complaint which is frivolous, malicious, or fails to state a claim, will count as a "strike" for purposes of the PLRA when the plaintiff's appeal is exhausted or waived; that the reversal on appeal of a District Court's dismissal which would have counted as a strike, will lift the strike from the plaintiff's record; that since Congress intended that any frivolous appeal count as a strike against the petitioner, a dismissal in the District Court, and the separate dismissal of an appeal therefrom as frivolous, will both count as strikes for purposes of the PLRA); Sandles v. Randa, 945 F.Supp. 169, 171-172 (E.D.Wis. 1996) (complaint dismissed pursuant to Heck counted as a strike under 28 U.S.C. §1915(g) where plaintiff/inmate's allegation of conspiracy between U.S. Attorney's Office, court appointed counsel, U.S. Probation Officer, and five Judges, was fantastical, delusional, there was no suggestion that defendants acted under color of state law, there was no indication that his sentence was unlawful, and his appropriate remedy was not pursuant to §1983, but rather the federal surrogate for habeas corpus, a motion to vacate pursuant to 28 U.S.C. §2255); Luedtke v. Bertrand, ____ F.Supp.2d ____; No. 98-C-1133 at *3, 1999 WL 14243 (E.D.Wis., Jan. 13, 1999) (dismissal of §1983 claim under Heck v. Humphrey, in prior case filed by the plaintiff, counted as the plaintiff's second of three strikes under the "three strikes" provision of the PLRA). See: Sanders v. DeTella, No. 98 C 4481 at *3, 1997 WL 126866 (N.D.Ill., March 13, 1997) (dismissal of §1983 complaint pursuant to Heck v. Humphrey counts as one of three "strikes" allotted to plaintiff under 28 U.S.C. §1915(g)).

5

Since the statute only precludes the plaintiff from proceeding in forma pauperis, the dismissal should be without prejudice to the plaintiff to move to reopen the case upon payment of the full filing fee of $150.00 within ten days of dismissal of the complaint.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: January 31, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Willie Perry, Pro Se
    DC #045983
    Broward County Jail
    P. O. Box 9356
    Fort Lauderdale, FL 33310